IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROB PENDERS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | A-23-CV-900-DAE |
| MAIN STREET RENEWAL LLC and | § | |
| THE AMHERST GROUP, LLC, | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DAVID A. EZRA
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff Rob Penders's Motion for Attorneys' Fees (Dkt. 171) ("Motion for Fees"), Plaintiff Rob Penders's Motion for Award of Costs (Dkt. 172) ("Motion for Costs") and all responsive briefing.[1] After reviewing the Motions and related briefing, against the backdrop of the entire docket, the court submits the following Report and Recommendation to the District Judge.

I.    THE MOTIONS

On August 27, 2025, a jury returned a verdict in favor of Penders in the amount of $28,755.00 in damages on Penders's claim of retaliation in violation of the Title 42, United States Code § 1981. The Motion for Fees is premised on Penders's status as a prevailing party in relation to litigation involving civil rights. 42 U.S.C. § 1988. In support, Penders submitted detailed time records and declarations by attorneys involved in the litigation. Penders seeks an award of $279,650.00 in attorneys' fees. Dkt. 171-7. Penders also seeks $12,424.30 in costs. Dkt. 172 at 9.

---

[1] The Motion was referred by United States District Judge David A. Ezra to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Orders dated January 7th and 9th, 2026.

1

Amherst Holdings and Main Street Renewal (collectively, "Amherst") maintain that Penders's fee request is far and above what is reasonable under the circumstances. Dkt. 173 at 1. While conceding that Penders may have prevailed on his retaliation claim, Amherst argues that Penders's degree of success was marginal in light of Penders's initial claims and the amount of damages awarded. Specifically, the jury's $28,755.00 damages determination was significantly less than what Penders demanded during pre-trial efforts to resolve the matter. *Id*. at 2. Amherst argues that a fee award "should be limited to reasonable and necessary fees of around $30,000, but in no case, no more than $147,208.00." *Id.* at 1. Similarly, Amherst maintains that Penders's Motion for Costs is overstated and unjustified. First, Amherst argues that many of the requested costs are not allowable under the "narrow" scope of recoverable costs under 28 U.S.C. § 1920. Dkt. 174. Second, Amherst argues that Penders fails to meet his burden to establish that the costs were actually necessary. *Id.* Third, Amherst argues that the total costs awarded should reflect Penders's limited success and minimal damages obtained. *Id.* Lastly, Amherst has lodged an objection to a number of individual fee and cost entries.

## II.    APPLICABLE LAW

To secure an award of attorneys' fees from an opponent, the prevailing party must prove that: (1) recovery of attorneys' fees is legally authorized, and (2) the requested attorneys' fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process. FED. R. CIV. P. 37(e), 37(a)(5); LOC. R. CV-54(b)(2).

A determination of reasonable and necessary attorneys' fees is premised on the application of the lodestar method. Courts in the Fifth Circuit apply the lodestar method to calculate attorneys' fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cnty. of El*

*Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. *Id.* (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The appropriate hourly rate is usually defined by the market rate in the community in which the district court sits and should reflect the prevailing market rates, not the rates that "lions at the bar may command." *Black*, 732 F.3d at 502 (citing *Smith & Fuller*, 685 F.3d at 490). Litigants seeking attorneys' fees have the burden to show the reasonableness of the hours billed and that the attorneys exercised reasonable billing judgment. *Black*, 732 F.3d at 502 (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The lodestar amount is entitled to a strong presumption of reasonableness. *Black*, 732 F.3d at 502 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)). There is a "strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

After calculating the lodestar amount, the district court may adjust the amount of attorneys' fees based on the twelve factors[2] set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Black*, 732 F.3d at 502. Many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted. *See id.*; *Jason D.W. v. Houston Indep. School Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). The burden is on the party moving for attorneys' fees to establish that their requested fees are reasonable. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam).

---

[2] These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Black*, 732 F.3d at 502 n.7 (citing *Johnson*, 488 F.2d at 717-19).

III.    ANALYSIS OF ATTORNEYS' FEE REQUEST

A.    **Whether to Award Attorneys' Fees**

The Civil Rights Attorney's Fees Awards Act of 1976, codified at 42 U.S.C. § 1988 (the "Civil Rights Fees Act"), authorizes district courts to award reasonable attorneys' fees to prevailing parties in civil rights litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Penders's Section 1981 claim is a civil rights claim covered by the Civil Rights Fees Act. *See* 42 U.S.C. § 1988(b) ("In any action . . . to enforce . . . section[] 1981 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . .").

Amherst concedes that Penders was the prevailing party on his retaliation claim. Nonetheless, Amherst argues that the degree of success obtained by Penders was minimal in terms of the total amount of damages awarded. Dkt. 173 at 2. Amherst also argues that Penders was not the prevailing party on claimed mental-anguish damages or his request for punitive damages.

Penders is clearly the prevailing party in this matter and entitled to a recovery of attorneys' fees. This case was never really about money. It was about restoring one's good name in the wake of what appears to be unfounded accusations of racism and subsequent retaliation. If Amherst's objections have any merit, those objections are best addressed in relation to a review of the *Johnson* factors.

The court turns to a determination of the appropriate lodestar.

B.    **Hourly Rates**

Penders seeks the following hourly rates for his counsel: Tom Nesbitt, $600; Butch Hayes, $675; Scott DeShazo, $500; Will Palmer, $400; and $200 for legal assistant Diane Hayes.  In the Motion for Fees, Penders represents that counsel for Amherst has advised it has no objection to

4

the proposed hourly rates. Dkt. 171 at 9. Amherst did not take issue with this representation in its response.

Regardless of whether Amherst has consented to the proposed rates, the court has independently reviewed the requested hourly rates in light of the relevant legal community and reasonableness of the rates. Having done so, the court finds that the proposed hourly rates are appropriate. Generally, the "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

Accordingly, the court will use the attorneys' hourly rates to calculate the lodestar. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) ("When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.") (citation modified).

### C.    Hours Billed

The party requesting attorneys' fees must also show that "billing judgment" was exercised, and that unproductive, excessive, or redundant hours were omitted from its requested amount. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The court should eliminate all hours that are excessive or duplicative. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court may also reduce hours that are too vague to permit meaningful review. *Kellstrom*, 50 F.3d at 326. The hours that are not eliminated should be those "reasonably expended on the litigation." *Watkins*, 7 F.3d at 457. If the party seeking fees does not show billing judgment, the court may reduce the award by a percentage to substitute for the exercise of billing judgment.

*Walker*, 99 F.3d at 770. Penders seeks recovery of fees associated with the work of the following individuals:

| Attorney/Legal Assistant | Hours | Rate | Lodestar Fee |
|---|---|---|---|
| Tom Nesbitt | 313.4 | $600 | $188,040.00 |
| Sherrard L. Hayes | 62.2 | $675 | $41,985.00 |
| Scott F. DeShazo | 41.5 | $500 | $20,765.00 |
| William Palmer | 64.4 | $400 | $25,760.00 |
| Diane Hayes (Legal Assist.) | 15.5 | $200 | $3,100 |
| **Total Lodestar Fee** | | | **$279,650.00** |

Dkt. 171 at 12.

Amherst lodges specific objections to certain categories of tasks and individual time entries. Amherst contends that these entries are inflated and represent an unreasonable amount of attorney time and resources. Dkt. 173-2. Amherst "proposes that any reasonable and necessary attorneys' fee award to Penders should be around $30,000, but in no circumstances should exceed $147,208." Dkt. 173 at 11.

1.    Pre-Severance Fees

On February 28, 2022, Penders filed a lawsuit against St. Edwards asserting causes of action for race discrimination and retaliation under 42 U.S.C. § 1981. On October 5, 2022, Penders amended the original complaint and added Amherst, asserting that Amherst retaliated against him when Amherst rescinded an earlier job offer because he had filed a lawsuit against St. Edwards. Dkt. 29. Amherst quickly filed a motion to sever Penders's claims against Amherst and St. Edwards. Dkt. 41.  On July 28, 2023, the court granted the motion severing Penders's claims into two separate lawsuits. Dkt. 66. Amherst contends that nearly all of the time entries prior to severance are unrecoverable by Penders. Specifically, Penders's requests should be reduced by $27,302, which is reflective of 51.9 hours. Dkt. 173 at 10. Amherst also believes that if this court

awards any pre-severance fees, Amherst would be entitled to review the settlement agreement between Penders and St. Edwards.

In response, Penders notes that $15,780 of the pre-severance attorneys' fee request related to depositions of four Amherst employees that took place within 15 days of the order of severance. Dkt. 176 at 1. These depositions were going to be held whether the district judge severed the two cases or not. Furthermore, these were depositions of Amherst's own employees and relate directly to Penders's claims against Amherst, not St. Edwards. The four witnesses had little, if anything to do, with Penders's claims against St. Edwards. Amherst failed to point out that ½ of the requested pre-severance attorneys' fees relate to depositions of their very own witnesses. The failure to do so is a bit disingenuous and calls into question the propriety of Amherst's remaining objections to pre-severance fees.

Amherst once maintained that "[t]he claims against the Amherst Defendants do not assert any joint, several or alternative right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and have no question of law or fact common to [St. Edwards]." Dkt. 176 at 2 (citing Dkt. 41 at 3-4). Finding this argument persuasive, the court subsequently severed the claim against Main Street and Amherst from the *Penders v. St. Edwards* lawsuit. Dkt. 66. While severed for purposes of resolving legal claims, there is undoubtedly a factual relationship, if not necessity, of understanding and determining which facts relate to which lawsuit. The aforementioned depositions and associated fee requests are reasonable and necessary. The remaining line entries to which Amherst objects (*see* Dkt. 173 at 10, 173-1 lines 2-26) are also reasonable and related, in whole or in part, to Penders's lawsuit against Amherst. Amherst's assertion that recovery of any pre-severance fees entitles Amherst to Penders's settlement with St. Edwards is a stretch. Dkt. 173 at 10. Amherst's request for  access to the settlement agreement

resolving the severed case fails to cite any case law in support. Consequently, that request is denied.

Amherst's objections to pre-severance attorneys' fee recovery are overruled.

2.      Motion for Summary Judgment Fees

Amherst notes that Penders seeks attorneys' fees of $29,100 for 63.6 hours of time related to his response to Amherst's motion for summary judgment. Dkt. 173 at 10-11. Amherst suggests that a 66% reduction of the requested fees associated with the summary judgment motion is appropriate. Otherwise stated, Amherst suggest that Penders recover only $9,663 in fees associated with the summary judgment motion. Penders did not address Amherst's contention that these fees are inflated.

While Amherst maintains this was a simple one claim case, Amherst has not defended Penders's claim in a cavalier or simple manner. Instead, Amherst has fought this lawsuit aggressively, as is its right. For example, while this fee request has been pending, Amherst filed a 22-page Renewed Motion for Judgment as a Matter of Law or New Trial and 366 pages in related exhibits. Dkt. 175. An aggressive defense by Amherst must be met by an aggressive prosecution by Penders. The court will return to this theme again.

The court finds that Penders's fee request as it relates to work performed in relation to the summary judgment motion to be too high. In light of all of the factors, the court finds that a 25% reduction is appropriate. This results in a total recovery of $21,825 in fees associated with Penders's response to the motion for summary judgment. The gross amount of fees requested will be reduced by $7,275.

### 3.    Unnecessary Additional Counsel: Hayes and DeShazo

Amherst complains that Penders's requested fees include a significant amount of fees associated with the enlistment of attorneys Sherrard Hayes and Scott DeShazo to assist in the preparation for, and conduct of, the jury trial. Dkt. 173 at 12-14. Amherst maintains that Hayes and DeShazo had limited participation at trial and their efforts were duplicative of efforts by attorney Nesbitt. Amherst objects to a number of line entries related to Hayes's involvement in trial preparation and the trial itself.[3] Amherst also challenges entries related to DeShazo for whom Amherst contends "participation at trial was virtually non-existent." Dkt. 173 at 14.[4]

Amherst suggests "[t]his case involves <u>one</u> claim and <u>one</u> simple cause of action based on <u>one</u> decision and <u>one</u> phone call." Dkt. 173 at 3. Amherst further notes that it defended the case with one senior attorney and one associate attorney with no paralegal or legal assistant. *Id.* n.1. Yet Amherst defended itself aggressively and at no time signaled a belief that this was a "simple" case. Furthermore, there is no rule to suggest that if one side employs two attorneys to defend their case that a plaintiff can only hire two attorneys with a similar backgrounds. For the vast majority of the litigation between Penders and Amherst, Penders pursued his claims efficiently mostly by a single attorney, Tom Nesbitt. Only when it became obvious that Amherst would insist on its right to a jury trial, did Penders's legal assistance needs increase. Almost every case tried in federal court practically demands the mutual assistance of at least two lawyers. This court can find no fault with Penders's decision to add additional legal assistance on the eve of trial. In fact, the failure to do so would have been a mistake. Clearly, the attorney called upon to assist in the weeks before trial must literally drop everything else and prepare themselves for the upcoming trial. That

---

[3] Dkt. 173 at 13-14, 173-2; Amherst objects to line entries 74, 84, 86, 90, 95, 99, 101, 106, 109 and 112 related to Hayes.

[4] Dkt. 173 at 14; 173-2, Amherst objects to line entries 65, 80, 83, 88, 89, 94 and 98 related to DeShazo.

preparation and utilization may take the form of conducting voir dire, questioning a witness, or simply being available to put a second set of eyes and ears on the proceedings so as to meaningfully assist the primary trial attorney. Against this backdrop the court reviewed the time entries of Hayes and finds those entries reasonable and necessary.

Despite the foregoing, the eleventh-hour enlistment of not one, but two, additional attorneys to assist is at issue. The court finds Penders's enlistment of Hayes to be entirely appropriate. The further enlistment of DeShazo to assist was arguably unnecessary. While DeShazo undoubtedly provided assistance to primary trial counsel, that assistance was largely for the benefit of primary trial counsel, not the needs of the case. Penders seeks reimbursement of fees associated with DeShazo of $20,765. Amherst objects to a number of DeShazo's time entries and suggests any fee award associated with DeShazo's efforts should be reduced to no more than $3,300. The undersigned agrees.

Fees associated with Hayes remain unchanged at $41,985, while DeShazo's fees are reduced to no more than $3,300.

### 4.     Unreasonable and Unnecessary Time: Nesbitt's Time is Inflated

In addition to complaints concerning the amount of fees associated with pre-severance activities and preparing its response to Amherst's summary judgment motion, Amherst objects to a number of additional line entries by lead counsel for Penders, attorney Tom Nesbitt. The specific entries to which Amherst objects are set out on pages 15 and 16 of Amherst's responsive brief. Dkt. 173. However, some of those objections are essentially repeats of objections related to pre-severance and summary judgment.[5] These objections have already been addressed above.

---

[5] Dkt. 173 at 15: line entries related to pre-severance ( 9, 10, 11, 12, 13, 14, 15 and 16) and summary judgment (28, 30, 32 and 33).

Moreover, Nesbitt has directly addressed the pre-severance issue in his supporting declaration. Specifically, Nesbitt states:

> All of the fees sought in this motion, including fees incurred prior to the order severing the cases, were incurred in the prosecution of this case. None of the fees sought in this motion would have been incurred had Penders merely proceeded against St. Edward's University alone. All of the fees sought in this motion were actually and reasonably incurred prosecuting the civil rights claim against Amherst and were reasonable and necessary to the successful prosecution of this case against Amherst.

Dkt. 171-2 at 5.

Amherst's continued assertion that Penders is seeking a double recovery of attorneys' fees against St. Edwards and Amherst is simply not supported by the record. The court has no reasonable basis to reject Nesbitt's sworn declaration that fees related to the two separate civil rights cases were separated.

The remaining objections to Nesbitt's time entries can be summarized as complaints that counsel should have been able to complete tasks more efficiently. These objections touch on time entries related to responding to Amherst's motion to compel, motion in limine issues, time dedicated to deposition preparation and legal research matters.[6] While Amherst suspects these entries are inflated, it offers no support other than its belief that the work described could have been done more efficiently. Unfortunately for the courts, there is no guide or legal precedent which describes the proper and specific amount of time to prepare and work on motions, depositions and legal research. Instead, the courts are bound by the record and the good faith representations provided by counsel. The court appreciates Amherst's counsel's representations that it could complete legal tasks more quickly than Nesbitt. But that's not the point. Each of these entries

---

[6] Dkt. 173 at 15-16; line entries related to the motion to compel (36, 37 and 38); motion in limine (55, 56 and 57); deposition preparation (67 and 75) and legal research (34, 35 and 113).

appear to be entirely reasonable and are corroborated by the verified declaration submitted by Nesbitt.

Defense counsel has no obligation to submit invoice and billing records related to what defense counsel charged Amherst.  Yet the court is left to wonder what defense counsel charged Amherst to prepare and respond to the very same motions and issues. Amherst's various objections to Nesbitt's time entries and dedication to this case are overruled.

### 5.        Will Palmers's Time

Amherst contends that the $25,760 in fees associated with attorney Will Plamer's time should be reduced to $12,800. Dkt. 173 at 6. Amherst argues that one set of time entries represent unnecessary and unreasonable time dedicated to the opposition to Amherst's motion for severance.[7] Amherst further argues that another group of entries relate to Plaintiff's response to Amherst's motion for summary judgment and were otherwise unnecessary or inflated.[8]

Rather than file a separate lawsuit, Penders's added Amherst as a defendant to the initial action. Amherst fought this effort by seeking a severance. Rather than acquiesce to Amherst's request for a severance, Penders insisted that St. Edwards and Amherst were properly joined. Penders lost that battle. Amherst's objections to any recovery for the work Palmer's performed in this losing effort are well-taken, calling for a reduction of $7,640 in fees from Palmer's total.

While Penders fought a losing effort on the severance issue, Amherst fought an equally unsuccessful effort in its quest for summary judgment. Dkt. 78. Having reviewed the time entries to which Amherst objects, the court finds those time entries to represent reasonable, necessary and directly related to issue related to Amherst's motion for summary judgment. Moreover, that time

---

[7] Dkt. 173 at 16; 173-2, Amherst objects to line entries 3,4, 5, 6, 7 and 8 related to Palmer's work on the motion for severance. These six time entries total $7,640 in fees.

[8] Dkt. 173 at 16; 173-2, Amherst objects to line entries 21, 22, 23, 24, 25, 26, 27, 29 and 31 related to Palmer's work on the motion for summary judgment.

resulted in the drafting of briefing that resulted in the resolution of the matter in Penders's favor. Amherst's objections to Palmer's time entries related to summary judgment are overruled.

In conclusion, Penders's fee request in relation to attorney Palmer should be reduced by $7,640 from $25,760 to $18,120.

### 6.    Clerical and Paralegal Expenses

Amherst objects to several time entries related to work performed by legal assistant Diane Hayes totaling $2,300.[9] Dkt. 173 at 16-17. Amherst does not object to the remaining $800 in fees associated with Ms. Hayes' remaining entries.[10] Amherst specifically objects to $300 in fees associated with Ms. Hayes's preparation for and attendance at voir dire; $1,400 in fees associated with assisting lawyers with document management and attending trial; and $600 additional fees associated with attendance at trial and document management. *Id.* Amherst contends that the legal assistant did not participate in voir dire and the remaining $2,000 associated with document management were unnecessary because all exhibits were submitted to the court, were electronically managed at counsel's table by a litigation support person, and that Ms. Hayes observed voir dire and trial from the courtroom gallery.

Penders did not offer either a rebuttal to, or further justification for, the three entries to which Amherst objects. *See* Dkt. 171. While the court is familiar with the excellent reputation Ms. Hayes enjoys in the legal community, in the absence of any additional justification for her time entries in the face of principled objections, the court must sustain the three objections lodged by Amherst for the reasons stated. Consequently, the final award must be reduced by $2,300 and reflect recovery of only $800 in fees associated with Ms. Hayes's work on the case.

---

[9] Dkt. 173 at 16-17; 173-2, Amherst objects to line entries 91, 96 and 102 which collectively total $2,300.
[10] Dkt. 173-2, line entries 107 and 110.

### D.    The Loadstar

The following chart reflects the adjustments to Penders's proposed fee recovery described above.

| Attorney/Legal Assistant | Rate | Lodestar Fee After Reductions | Reductions Applied |
|---|---|---|---|
| Tom Nesbitt | $600 | $188,040.00 | 0 |
| Sherrard L. Hayes | $675 | $41,985.00 | 0 |
| Scott F. DeShazo | $500 | $3,300.00 | $17,465.00 |
| William Palmer | $400 | $18,120.00 | $7,640.00 |
| Diane Hayes (Legal Assist.) | $200 | $ 800.00 | $2,300.00 |
| **Prelim. Lodestar** | | **$252,245.00** | |
| **Summary Judgment Reduction** | | | **$7,275.00** |
| **Final Approved Lodestar** | | **$244,970.00** | |

### E.    *Johnson* Factors

Amherst argues that the application of the *Johnson* factors should result in a significant decrease in the amount of fees to be awarded.

1.    *Johnson* Factor #8: Amount Involved and Results Obtained

Amherst argues that a downward adjustment to the final fee award is necessary based on an objective application of *Johnson* factor #8, the amount involved and the results obtained. Dkt. 173 at 6-9. Amherst contends that (a) the results obtained were substantially less than what Penders seeks in attorney's fees; (b) Penders's fee request is 10 times the jury award; (c)  Penders's pursuit of future wages, future benefits, mental anguish damages, punitive damages and injunctive relief failed; and (d) the jury's award was significantly less than Penders's settlement demands in advance of trial.

In response, Pender contends that (a) he did not aggressively pursue emotional distress and mental anguish damages; (b) Amherst's reference to unsuccessful settlement efforts are inappropriate; and (c) caselaw discourages a direct correlation between the jury award and attorneys' fees in civil rights cases. Dkt. 176 at 8-10.

14

Neither side cited any caselaw to suggest the court should consider the parties' previous efforts to settle a case in deciding the amount of attorneys' fees to be awarded a prevailing party. This is undoubtedly driven in large part by the fact that settlement discussions are largely confidential and outside the record. The court notes that Amherst never confessed liability to any aspect of Penders's charges. Moreover, Penders notes that over the sixteen months between Amherst's trial counsel joining the case and the trial, "Amherst made no settlement offer and made no effort to resolve the case." *Id.* at 9. The court declines to consider any information concerning matters entirely outside the record.

The court is also not moved by the large gap between the jury award and the attorneys' fee request for the reasons stated in Penders's briefing. That is, Penders's civil rights case is exactly the type of case for which a direct connection between the jury and fee award is unwarranted. The jury's verdict vindicated a man who had been accused of racial misconduct that was never established; yet was subsequently punished by Amherst for having exercised his right to defend himself against St. Edwards's actions by filing a lawsuit. To rule as Amherst suggests would effectively make the federal courts unavailable to civil rights plaintiffs who seek to vindicate a wrong when the damages finally obtained are small.

The last consideration is Amherst's claim that Amherst, not Penders, was the prevailing party as it relates to past and future emotional distress damages. Dkt. 161. However, the court notes that Amherst failed to convince the jury that Penders failed to mitigate or reduce his damages. *Id.* at 4. Amherst maintains the fee award should be reduced to reflect Penders's failure to succeed on these claims. Penders argues that he did not aggressively pursue these claims at trial. Nonetheless, Penders did not voluntarily dismiss those claims either. Penders won the war but lost

a few battles along the way. To reflect those losses, the undersigned will recommend that the final loadstar award be reduced by 10%.

### 2.   *Johnson* Factors #1, #2, and #3: Time, Novelty and Skill

Amherst maintains that a collective application of *Johnson* factors #1, #2, and #3[11] warrant an adjustment of time "because the time, labor, and skill required, as well as the simplicity of the issues, do not justify Penders's requested attorneys' fees. Dkt. 173 at 9. A jury found that Penders's primary claim against Amherst was well-founded whether Amherst likes it or not. Similarly, Amherst repeats its refrain that "this was a simple case." *Id*.

This was not a simple case. Moreover, Amherst did not act like this was a simple case. If it ever was a simple case, Amherst's aggressive defense demanded an equally aggressive response. Was Penders supposed to rollover in response to every demand or motion filed by Amherst? Clearly not. For example, Amherst lost its motion for summary judgment (Dkt. 73, 78); motion to compel settlement agreement (Dkt. 80, 111); and motion to exclude testimony or disqualify opposing counsel (Dkt. 91, 143). Penders would have never prevailed had he not been represented by skilled, effective and equally aggressive trial counsel. The prosecution of Penders's claims demanded nothing less.

The court finds that an application of *Johnson* factors #1, #2, and #3 is not warranted in this case.

### F.   Final Attorneys' Fee Award

The court previously determined that the loadstar in this case was $244,970.00. The court also determined that a 10% reduction ($24,497) to the loadstar was warranted after considering the

---

[11] These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly. *Black*, 732 F.3d at 502 n.7 (citing *Johnson*, 488 F.2d at 717-19).

import of *Johnson* factor #8 related to the results obtained. **This results in a final attorneys' fee award of $220,473.**

## IV.   COSTS

Penders seeks litigation costs in the amount of 12,424.30. Dkt. 172. Penders maintains that an award of costs is required by the district court's judgment (Dkt. 169) and Local Rule CV-54(a).[12] *Id*. at 1-3. Amherst objects to three categories of requested costs as unrecoverable or because Penders failed to show that the proposed costs were "necessarily obtained for use in the case." Dkt. 174 at 3. Amherst also argues that any award of costs should be reduced by 50% due to Penders's "relative lack of success at trial. *Id.* Amherst argues that the majority of listed costs constitute costs that are not recoverable under 28 U.S.C. § 1920 or costs that Penders has failed to establish were necessary. *Id.* at 3-10. Amherst separated the objected costs into three categories: (a) the cost of using a private process server, (b) many of the transcript costs, and (c) miscellaneous office materials costs.

### A.   Private Process Server Costs

Penders seeks recovery of $985.00 in costs associated with the utilization of a private process server. As Amherst notes, "the costs of a private process server are not recoverable under Section 1920" unless the plaintiff demonstrates "exceptional circumstances to warrant such an award." *Id.* at 3 (citing *Marmillion v. Am. Intern. Ins. Co*., 381 F. App'x 421, 431 (5th Cir. 2010) and other cases). If exceptional circumstances are established, private process server costs may be reimbursed but in an amount no greater than the current service fee for subpoenas, $65.00. *Structural Metals, Inc. v. S&C Elec. Co.,* Civil Action No. SA-09-CV984-XR, 2013 U.S. Dist. LEXIS 101517, at *4-5 (W.D. Tex. 2013); *Drenner v. Tex. Dept. of Criminal Justice*, No. SA-05-

---

[12] *See also* FED. R. CIV. P. 54(d); 28 U.S.C. §1920.

CA-184-XR, 2007 U.S. Dist. LEXIS 6554, 2007 WL 294191, at *6 (W.D. Tex. Jan. 29, 2007). Penders notes that reimbursement of private process fees up to the amount charged by the U.S. Marshal has become routine practice in the Western District of Texas. *Structural Metals*, 2013 U.S. Dist. LEXIS 101517, at *4-5 (citing *Lear Siegler Servs v. Ensil Int'l Corp.*, Civ. A. No. SA:05-CV-679-XR, 2010 U.S. Dist. LEXIS 62882, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010); *HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr.*, Civ. A. No. 5:07-CV-62, 2010 U.S. Dist. LEXIS 11841, 2010 WL 536997, at *3 n.3 (S.D. Tex. Feb. 10, 2010)); *see Cisneros v. UTC Providers-Austin, Inc.,* No. 1:17-CV-593-RP, 2019 U.S. Dist. LEXIS 248307, at *24-25 (W.D. Tex. 2019).

Penders argues that the private process server he uses is efficient, trustworthy, and capable. The undersigned notes that (a) these six processes would have been served regardless of whether the USMS or a private process server served them, and (b) the use of the private process server spared the U.S. Marshal's Service from the obligation to effect service on the six recipients. The undersigned is all too aware of the tremendous number of obligations and duties of the USMS against the backdrop of limited resources. The court finds exceptional circumstances exist to warrant the use of a private process server in this case to be reimbursed at the statutory rate of $65. 28 C.F.R. §0.114(a). In this case, the use of the private process server to serve six parties at the rate of $65 results in a total of $390.00. Penders's request for 985.00 in private process server expenses is therefore reduced by $625.00 for a total recovery of $390.00.

### B.    Transcript Costs

Amherst objects to $5,366.60 in costs associated with the production and use of transcripts. Dkt. 174 at 5-7. Amherst returns to its theme that certain costs were associated with depositions taken before the Amherst/St. Edwards severance. This objection has been previously addressed

18

and overruled and need not be repeated. For those reasons and the justifications stated in Penders's reply brief, these depositions were clearly necessary and appropriate to the claims pursued against Amherst. Nonetheless, Penders concedes that a small portion, approximately 10%, of the total deposition time was related to St. Edwards matters.

Amherst also argues that Penders should not recover costs for trial transcripts because those transcripts were merely helpful or convenient and do not satisfy the necessity standard under 28 U.S.C. § 1920(2). Penders argues the opposite and points to the use of the trial transcripts during trial. The transcripts obtained by Penders during trial were narrowly tailored, reasonable, and appropriate. Moreover, Penders's counsel actually used these transcripts at trial. Until a higher court rules that trial transcript costs are unnecessary per se, the production and use of the trial transcripts at issue in this case meets the necessity standard.

### C.    Miscellaneous Office Costs

Amherst objects to the inclusion of $370.25 in costs associated with tabs, custom tabs, and binders. Dkt. 174 at 8-9. Amherst argues these costs were incurred for the convenience of counsel and were not necessary. Penders did not address these objections in his reply brief. Dkt. 177. For the reasons Amherst offered in support of its objections, and the absence of a response to those objections by Penders, the undersigned finds that the total costs should be reduced by $370.25.

### D.    Limited Success

Amherst argues that Penders obtained only limited success at trial. Dkt. 174 at 10-12. Amherst further argues that Rule 54 gives the court discretion to reduce costs and caselaw allows a reduction in costs to reflect that lack of success. Penders maintains he succeeded at trial and Amherst arguments to the contrary are simply wrong.

Amherst's limited-success argument has been addressed and largely rejected above. Nonetheless, in order to be consistent with the 10% reduction to the attorneys' fee award, the court will similarly reduce the final cost award by 10%. Acknowledging that this is a discretionary determination by the court, the undersigned declines to exercise that discretion any further in relation to Amherst's continued limited success arguments.

### E.    Costs Conclusion

Penders seeks costs totaling $12,424.30. Dkt. 172 at 3. After considering all of Amherst's objections to costs above, the court authorizes a $625.00 reduction related to private process server expenses and a further $370.25 reduction for office expenses. This results in a cost award of $11,429.05. After applying the aforementioned 10% reduction, this yields a total cost recovery of **$10,286.15.**

### V.    RECOMMENDATIONS

For these reasons, the undersigned **RECOMMENDS** that Plaintiff Rob Penders's Motion for Attorneys' Fees (Dkt. 171) and Plaintiff Rob Penders's Motion for Award of Costs (Dkt. 172) be **GRANTED, in part, and DENIED, in part**. As described above, the undersigned recommends that both motions be granted, but that the attorneys' fee claim and related costs be reduced for the reasons described above.

The undersigned **RECOMMENDS** that the court enter judgment for Plaintiff Rob Penders to recover attorney's fees from Amherst in the amount of **$220,473.**

The court further **RECOMMENDS** that Plaintiff Rob Penders be awarded a recovery of costs by Amherst in the amount of **$10,286.15.**

## VI.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED April 24, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE