**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROB PENDERS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **A-23-CV-900-DAE** |
| **MAIN STREET RENEWAL LLC and** | § | |
| **THE AMHERST GROUP, LLC,** | § | |
| **Defendants.** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE DAVID A. EZRA
UNITED STATES DISTRICT JUDGE:

Before the court are Plaintiff Rob Penders's Supplemental Motion for Attorneys' Fees and Costs (Dkt. 181) ("Motion"), Defendants'[1] Response and Objections to Plaintiff's Supplemental Motion for Attorneys' Fees (Dkt. 182) and Plaintiff Rob Penders's Reply to Amherst's Response to Penders' Supplemental Motion for Attorneys' Fees and Costs (Dkt. 184).[2] After reviewing the Motion and related briefing, against the backdrop of the entire docket, the undersigned submits the following Report and Recommendation to the District Judge.

**I.    BACKGROUND**

On April 24, 2026, the undersigned entered a report and recommendation related to Penders's request to recover attorneys' fees and costs. Dkt. 183. The undersigned recommended that Penders recover $220,473 in attorneys' fees and an additional $10,286.15 in costs.

---

[1] Hereinafter referred to as "Amherst" or "Defendants."

[2] The Motion was referred by United States District Judge David A. Ezra to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated April 17, 2026.

Penders seeks to supplement that initial reward request to address additional work related to the preservation of the jury's award in Penders's favor. Dkt. 181. Since filing Penders's original fee request in late December 2025, Penders has continued to expend time, effort and resources to address a post-trial motion filed by Amherst. Specifically, Amherst filed Defendants' Renewed Motion for Judgment as a Matter of Law Under Rule 50(b) or, in the Alternative, for a New Trial Under Rule 59(a) or Remittitur Under Rule 59(e). Dkt. 175. That 22-page motion was quite comprehensive and included over 350 additional pages of exhibits. Penders responded, and Amherst replied. Dkts. 178, 179, respectively.  On April 15, the District Court denied Amherst's motion for JMOL/Remittitur. Dkt. 180.

By way of the Motion, Penders seeks an additional $13,500 in fees and $1,108.15 in costs. In support of the supplemental fee request, Penders submitted a detailed Declaration of Tom Nesbitt ("Nesbitt"), counsel for Penders. Nesbitt's declaration "is a document organized chronologically by activity, listing attorney name, date, and hours expended on the particular activity listed (the "Fee Report") relating to Amherst's Renewed Motion for JMOL." Dkt. 181-1 ¶ 7. Penders further represents that:

> In compliance with W.D. Tex. Local Rule CV-54, Nesbitt certified that he kept these detailed contemporaneous records about professional services and affirming that the entries in [Dkt. 181-1 at 7] are a true and correct record of tasks he performed responding to Amherst's Renewed Motion for JMOL. Nesbitt further affirmed pursuant to W.D. Tex. Local Rule CV-54 that the hours shown in the Fee Report [Dkt. 181-1 at 7] were actually expended on the topics stated and that they were reasonably necessary for the successful prosecution of this case.

Dkt. 181 at 3.

Amherst objects to the amount of time Penders's counsel spent preparing his response to the JMOL motion and contends that a $6,000 fee is more appropriate. Dkt. 182. Amherst does not object to Nesbitt's hourly rate of $600. Nor does Amherst object to Penders's recovery of the additional costs. Penders's reply brief sets forth the reasons Amherst's JMOL motion demanded a

significant effort by Penders's counsel—an effort that resulted in an overwhelmingly successful defense of the jury's verdict. Dkt. 184; *see* Dkt. 180.

## II.   ANALYSIS

The undersigned hereby incorporates his earlier Report and Recommendation, its description of the law, lodestar, *Johnson* factors and analysis. *See* Dkt. 183.

As previously determined, Penders is the prevailing party and is lawfully entitled to a reasonable attorneys' fee award. That recovery extends to the recovery of fees associated with responding to Amherst's JMOL motion. The only dispute is whether the $13,500 in additional fees is reasonable, or whether Amherst's proposed $6,000 amount in the alternative is more appropriate.

As noted in the previous Report and Recommendation, the courts are not favored with a list of specific amounts or range of amounts that constitute an appropriate fee amount associated with different types of issues, motions, and research. Instead, Penders's fee request is reviewed for "reasonableness" in light of all the circumstances. The undersigned has no basis to reject or impeach Nesbitt's declaration. Amherst returns to its repeated refrain "[t]his case involves one claim and one simple cause of action based on one decision and one phone call." Dkt. 182 at 1. A cursory review of Amherst's JMOL motion belies that representation. Amherst has defended this case "tooth and nail," as is its right. But when you lose, there is a price to pay for that aggressive defense. The payment of additional fees to the prevailing party that was forced to respond to Amherst's JMOL motion is directly related to that continued aggressive defense.

The undersigned finds that the supplemental attorneys' fee request is reasonable and supported by the record. Amherst's objections to the contrary are not well-founded and are overruled.

## III.   RECOMMENDATIONS

For these reasons, the undersigned **RECOMMENDS** that Plaintiff Rob Penders's Supplemental Motion for Attorneys' Fees and Costs (Dkt. 181) be **GRANTED.**

The undersigned **RECOMMENDS** that the court's final judgment add an additional **$13,500** in attorneys' fees from Amherst to the final attorneys' fee award.[3]

The court further **RECOMMENDS** that Plaintiff Rob Penders be awarded an additional recovery of costs from Amherst in the amount of **$1,108.15.**[4]

## IV.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[3] *See* Report and Recommendation (Dkt. 183) (recommending that Penders recover attorneys' fees from Amherst in the amount of **$220,473**).

[4] *See* Report and Recommendation (Dkt. 183) (recommending that Penders recover costs totaling **$10.286.15**).

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED May 1, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE