IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROB PENDERS, | § | No. 1:23-CV-900-DAE |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MAIN STREET RENEWAL, LLC and | § | |
| THE AMHERST GROUP, LLC, | § | |
|     Defendants. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATIONS
OF THE MAGISTRATE JUDGE

Before the Court are two Report and Recommendations

("the Reports") submitted by United States Magistrate Judge Mark Lane.  (Dkts.

## 183; 185.)  None of the parties have objected to the Reports.  The Court finds

this matter suitable for disposition without a hearing.  After reviewing the Reports,

the Court **ADOPTS** Judge Lane's recommendations and **GRANTS** Plaintiff's

Motions for Attorney's Fees and Costs.  (Dkts. ## 171; 172; 181.)

BACKGROUND

The Court recites the background facts as stated by the Magistrate

Judge.  (Dkts. ## 183; 185.)  On August 27, 2025, a jury returned a verdict in favor

of Plaintiff, Rob Penders ("Penders"), on his claim of retaliation in violation of

Title 42, United States Code § 1981.  (Dkt. # 161.)  The Motion for Fees is

premised on Penders's status as a prevailing party in relation to litigation involving civil rights under 42 U.S.C. § 1988.  (Dkt. # 171.)  In support, Penders submitted detailed time records and declarations by attorneys involved in the litigation.  (Id.)  Penders seeks an award of $279,650.00 in attorneys' fees.  (Dkt. # 171-7.)  Penders also seeks $12,424.30 in costs.  (Dkt. # 172 at 9.)  Defendants, Amherst Holdings and Main Street Renewal (collectively, "Amherst"), maintain that Penders's fee request is far and above what is reasonable under the circumstances.  (Dkt. # 173 at 1.)  While conceding that Penders may have prevailed on his retaliation claim, Amherst argues that Penders's degree of success was marginal in light of Penders's initial claims and the amount of damages awarded.  (Id.)  Specifically, the jury's $28,755.00 damages determination was significantly less than what Penders demanded during pre-trial efforts to resolve the matter.  (Id. at 2.)  Amherst argues that a fee award "should be limited to reasonable and necessary fees of around $30,000, but in no case, no more than $147,208.00."  (Id. at 1.)

Similarly, Amherst maintains that Penders's Motion for Costs is overstated and unjustified.  (Dkt. # 174.)  First, Amherst argues that many of the requested costs are not allowable under the "narrow" scope of recoverable costs under 28 U.S.C. § 1920.  (Id.)  Second, Amherst argues that Penders fails to meet his burden to establish that the costs were actually necessary.  (Id.)  Third, Amherst argues that the total costs awarded should reflect Penders's limited success and

2

minimal damages obtained.  (Id.)  Lastly, Amherst has lodged an objection to a number of individual fee and cost entries.  (Id.)

Subsequent to the above, Penders seeks to supplement his initial requests for attorney's fees and costs in light of additional work related to the preservation of the jury's award in Penders's favor.  (Dkt. # 181.)  Since filing Penders's original fee request in late December 2025, Penders has continued to expend time, effort and resources to address a post-trial motion filed by Amherst.  (Id.)  Specifically, Amherst filed Defendants' Renewed Motion for Judgment as a Matter of Law Under Rule 50(b) or, in the Alternative, for a New Trial Under Rule 59(a) or Remittitur Under Rule 59(e).  (Dkt. # 175.)  That 22-page motion was quite comprehensive and included over 350 additional pages of exhibits.  (Dkt. # 181.)  Penders responded, and Amherst replied.  (Dkts. ## 178; 179.)  On April 15, the District Court denied Amherst's motion for JMOL/Remittitur.  (Dkt. # 180.)  Penders now seeks an additional $13,500 in fees and $1,108.15 in costs.  (Dkt. # 181.)  In support of the supplemental fee request, Penders submitted a detailed Declaration of Tom Nesbitt ("Nesbitt"), counsel for Penders.  (Dkt. # 181-1.)  Nesbitt's declaration "is a document organized chronologically by activity, listing attorney name, date, and hours expended on the particular activity listed (the "Fee Report") relating to Amherst's Renewed Motion for JMOL."  (Dkt. # 181-1.)

3

In Response to Penders's supplemental requests for fees and costs, Amherst objects to the amount of time Penders's counsel spent preparing his response to the JMOL motion and contends that a $6,000 fee is more appropriate. (Dkt. # 182.)  Amherst does not object to Nesbitt's hourly rate of $600, nor does Amherst object to Penders's recovery of the additional costs.  (Id.)  Penders's reply brief sets forth the reasons Amherst's JMOL motion demanded a significant effort by Penders's counsel—an effort that resulted in an overwhelmingly successful defense of the jury's verdict.  (Dkt. # 184; see Dkt. # 180.)

On December 29, 2025, the Court referred Penders's initial requests for attorney's fees and costs to Magistrate Judge Lane.  Both Motions were fully briefed.  (Dkts. ## 173; 174.)  On January 13 and 20, 2026, Penders filed his Replies.  (Dkts. ## 176; 177.)  On April 24, 2026, Magistrate Judge Lane entered a Report and Recommendation related to Penders request for attorney's fees and costs recommending that Penders recover $220,473 in attorney's fees and an additional $10,286.15 in costs.  (Dkt. # 183.)

On April 17, 2026, the Court referred Penders' Supplemental Requests for Fees and Costs to Magistrate Judge Lane.  On April 23, 2026, Amherst filed their Response.  (Dkt. # 182.)  On April 28, 2026, Penders filed his Reply.  (Dkt. # 184.)  On May 15, 2026, Magistrate Judge Lane entered a Report and Recommendation related to Penders's request for supplemental fees and costs

recommending that Penders recover an additional $13,500 in attorney's fees and $1,108.15 in additional costs.  (Dkt. # 185.)  Neither Penders nor Amherst have filed objections to either of the Reports by Magistrate Judge Lane.

<u>DISCUSSION</u>

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Reports for clear error.  <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).  After careful consideration, the Court adopts the Magistrate Judge's Report.  The Court finds the Magistrate Judge's conclusion that Penders be awarded **$233,973** in attorney's fees and **$11,394.30** in costs is reasonable and absent of clear error.  Having presided over this lengthy case (trial and pre-trial) the Court is carefully aware of the time and resources expended on Plaintiff's behalf.  Therefore, the Court determines that the Magistrate Judge's conclusions and recommendations are neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** both of the Reports by the Magistrate Judge as the opinion of the Court.  (Dkts. ## 183; 185.)  Further, the Court **GRANTS IN PART** Plaintiff's Motions for Attorney's Fees and Costs, **GRANTING** Plaintiff **$233,973** in attorney's fees and **$11,394.30** in costs.  (Dkts. ## 171; 172; 181.)

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, May 29, 2026.

_____

David Alan Ezra
Senior United States District Judge